**EXHIBIT B**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Ronald Williams,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Tyson Foods, Inc.,<br><br>　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS FOR THE FIFTH JUDICIAL CIRCUIT<br><br>CASE NO.: 2018-CP-40-_____<br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

　　YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

　　　　　　　　　　**CROMER BABB PORTER & HICKS, LLC**

　　　　　　　　　　BY: s/Elizabeth M. Bowen_____
　　　　　　　　　　　　J. Lewis Cromer (S.C. #1470)
　　　　　　　　　　　　Elizabeth M. Bowen (S.C. # 103337)
　　　　　　　　　　　　1418 Laurel Street, Suite A
　　　　　　　　　　　　Columbia, South Carolina 29201
　　　　　　　　　　　　Phone  803-799-9530
　　　　　　　　　　　　Fax      803-799-9533
　　　　　　　　　　　　*Attorneys for Plaintiff*

November 15, 2018
Columbia, South Carolina

1

ELECTRONICALLY FILED - 2018 Nov 15 3:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006048

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Ronald Williams,<br><br>                Plaintiff,<br><br>v.<br><br>Tyson Foods, Inc.,<br><br>                Defendant. | IN THE COURT OF COMMON PLEAS FOR THE FIFTH JUDICIAL CIRCUIT<br><br>CASE NO.: 2018-CP-40-_____<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

## EMPLOYMENT CASE

The Plaintiff complaining of the Defendant respectfully alleges the foregoing.

## PARTIES AND JURISDICTION

1. Plaintiff, Ronald Williams ("Plaintiff"), is a former employee of the Defendant who resides in Richland County, South Carolina.

2. Defendant, Tyson Foods, Inc., ("Defendant") is a multi-national protein-focused food company with a facility in Richland County, South Carolina.

3. This action alleges Disability Discrimination and Retaliation in violation of the Americans with Disabilities Act and amendments thereto, 42 U.S.C. § 12101 *et seq*. ("ADA"), as well as Retaliation in Violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

4. This Court may exercise subject matter jurisdiction over these claims. 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 12117; 42 U.S.C. § 2000(e-5)(f)(3); *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 820, 110 S. Ct. 1566, 1567, 108 L. Ed. 2d 834 (1990).

2

5. Plaintiff filed charges of discrimination with the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission, received his right to sue letter, and this action is timely.

6. The Defendant has enough employees to be subject to suit under the ADA.

7. Jurisdiction and venue are proper because the parties have sufficient connections to this circuit and the events giving rise to this action occurred in Richland County, South Carolina.

## FACTUAL ALLEGATIONS

8. Defendant employed Plaintiff to serve as a Plate Grinder in Defendant's Maintenance Department, beginning on or around July 29, 2015.

9. Plaintiff performed his job in a competent, if not more than competent, manner during his employment.

10. On February 11, 2016, Plaintiff suffered from an on-the-job injury, including a tendon tear in his shoulder.

11. Plaintiff's doctors released Plaintiff to return to work on February 15, 2016 with light duty restrictions. In or around October 2016, Plaintiff or Plaintiff's doctors informed Defendant that Plaintiff would have permanent work restrictions, including a 30-pound pushing, pulling, and lifting limitation, and a 20-pound overhead lifting limitation.

12. Defendant told Plaintiff on multiple occasions that Plaintiff could not apply for a promotion or for another position because of his light-duty status.

ELECTRONICALLY FILED - 2018 Nov 15 3:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006048

ELECTRONICALLY FILED - 2018 Nov 15 3:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006048

13. Plaintiff used intermittent leave related to his work-related injury from February 2016 until the end of his employment, including leave for a surgical procedure in June 2016 and leave for physical therapy appointments thereafter.

14. Plaintiff followed the proper procedure to place Defendant on notice when Plaintiff needed to use leave to attend medical appointments related to his work-related injury.

15. Plaintiff was rushed to the Emergency Room on August 24, 2017 and was falsely diagnosed with the stomach flu. Plaintiff informed Defendant that he was diagnosed with the stomach flu and would not be able to work the following day.[1]

16. Plaintiff continued to suffer from medical complications after August 25, 2017. Plaintiff kept Defendant informed of his medical status and provided Defendant with documentation related to his medical condition and treatment during his absence from work.

17. On September 4, 2017, Plaintiff called Defendant's Human Resources Department and informed Joyce Bates that he was still suffering from medical complications and could not return to work. Bates informed Plaintiff that she would talk to Defendant's Human Resources Manager, Jackie Jones, and return Plaintiff's call. Bates did not return Plaintiff's call.

18. On September 8, 2017, Plaintiff called Defendant's Human Resources Department again to report the status of his condition. Plaintiff spoke to Jones and expressed concerns about working that night, because he was still suffering from

---

[1] Plaintiff learned on September 20, 2017, that he had been misdiagnosed and was suffering from a tear in his stomach and gastrointestinal bleeding. Plaintiff was admitted to the hospital on September 20, 2017 for the same.

4

ELECTRONICALLY FILED - 2018 Nov 15 3:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006048

medical complications. Jones instructed Plaintiff to wait until she called him back with further instructions. Jones called Plaintiff later that evening and informed Plaintiff that Defendant was terminating Plaintiff because Plaintiff's absences violated Defendant's attendance point system.

19. Plaintiff requested that Defendant reinstate Plaintiff after Plaintiff learned of his misdiagnosis and received treatment for the tear and gastrointestinal bleeding; however, Defendant refused to reinstate Plaintiff.

### FOR A FIRST CAUSE OF ACTION
**(Disability Discrimination, 42 U.S.C. § 12101 *et seq*. and amendments thereto)**

20. Plaintiff realleges the foregoing where consistent.

21. Plaintiff was disabled, and Defendant knew that Plaintiff was disabled.

22. Plaintiff is, and at all times relevant hereto was, qualified to perform his job as a Plate Grinder with or without reasonable accommodations.

23. Reasonably accommodating Plaintiff would not have caused undue burden on Defendant.

24. Plaintiff sought reasonable accommodations at the times relevant to this action.

25. Defendant treated Plaintiff disparately based on his disabilities and requests for reasonable accommodations. Specifically, Defendant treated Plaintiff in a harsher manner than similarly situated employees who did not suffer from a disability; Defendant denied Plaintiff the opportunity to apply for a transfer or promotion; and Defendant terminated Plaintiff based on Plaintiff's absences, which were directly related to his disabilities.

26. Such conduct by the Defendant constitutes disability discrimination in violation of the ADA.

ELECTRONICALLY FILED - 2018 Nov 15 3:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006048

27. For the conduct alleged herein, the Defendant has directly and proximately caused and is liable for all damages resulting from the loss of Plaintiff's job, including: back pay, front pay, back benefits, front benefits, diminished earning capacity, pain and suffering, embarrassment, shock, humiliation, mental suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with federal and state laws, and Plaintiff is entitled to injunctive relief including reinstatement. Plaintiff last requests and is due pre-judgment interest on all damages recovered.

28. Such conduct by the Defendant was also willful and wanton and the Plaintiff is entitled to punitive or liquidated damages for the same.

### FOR A SECOND CAUSE OF ACTION
### (ADA Retaliation, 42 U.S.C. § 12101 *et seq*., and amendments thereto)

29. Plaintiff realleges the foregoing where consistent.

30. Plaintiff engaged in protected activity when Plaintiff requested reasonable accommodations, i.e., light duty and medical leave. Specifically; Defendant treated Plaintiff more harshly than similarly situated employees who did not request reasonable accommodations; Defendant told Plaintiff that he could not apply for a promotion or transfer based on his light-duty status; and Defendant terminated Plaintiff's employment after Plaintiff requested reasonable accommodations.

31. That such conduct constitutes retaliation in violation of the ADA.

32. For the conduct alleged herein, the Defendant has directly and proximately caused and is liable for all damages resulting from Plaintiff's treatment and the loss of Plaintiff's job, including: back pay, front pay, back benefits, front benefits, diminished earning capacity, pain and suffering, embarrassment, shock, humiliation, mental suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with

6

federal and state laws, and Plaintiff is entitled to injunctive relief including reinstatement. Plaintiff last requests and is due pre-judgment interest on all damages recovered.

33. Such conduct by the Defendant was also willful and wanton and the Plaintiff is entitled to punitive or liquidated damages for the same.

### FOR A THIRD CAUSE OF ACTION
### (Violation of the Family Medical Leave Act)

34. Plaintiff realleges the foregoing where consistent.

35. Plaintiff was a qualified individual under the FMLA and went on medical leave for a serious medical condition.

36. While on medical leave, Plaintiff was terminated without just cause.

37. The reason given for Plaintiff's termination was false and pretextual, as Plaintiff was terminated for exercising his rights pursuant to the FMLA.

38. Defendant terminated Plaintiff because he took proper and allowed leave. Such termination was a willful and knowing violation of the FMLA and is inclined to dissuade a reasonable person from exercising rights under the FMLA.

39. For the conduct alleged herein, the Defendant has directly and proximately caused and is liable for all damages resulting therefrom, including the loss of Plaintiff's job, back pay, front pay, liquidated damages, attorney's fees and costs, and all other relief to which he may be entitled under the FMLA.

### PRAYER FOR RELIEF

WHEREFORE, for the above claims, the Plaintiff requests judgment to be awarded by a jury against the Defendant for all actual, punitive, liquidated and other damages pled or recoverable as well as injunctive relief, attorney's fees and costs, and

ELECTRONICALLY FILED - 2018 Nov 15 3:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006048

pre-judgment interest. Plaintiff also prays for any other relief that this Court may deem just and proper.

           **CROMER BABB PORTER & HICKS, LLC**

         BY: s/Elizabeth M. Bowen____
           J. Lewis Cromer (S.C. #1470)
           Elizabeth M. Bowen (S.C. # 103337)
           1418 Laurel Street, Suite A
           Columbia, South Carolina 29201
           Phone  803-799-9530
           Fax      803-799-9533
           *Attorneys for Plaintiff*

November 15, 2018
Columbia, South Carolina

ELECTRONICALLY FILED - 2018 Nov 15 3:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006048